UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

LOURDES M. ORTIZ SALAMÀN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, LOURDES M. ORTIZ SALAMÀN ("Plaintiff"), is a citizen of Puerto Rico.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD. ("Defendant"), is a foreign corporation with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

4. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

5. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

- 2 -

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f.  Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Adventure of the Seas*.

6. Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Adventure of the Seas.*

9. On or about January 11, 2012, Plaintiff was a paying passenger on Defendant's vessel which was in navigable waters.[1]

10. On or about January 11, 2012, Plaintiff was severely injured when she slipped and fell on a wet, slippery and hazardous flooring surface at or around the Gravity Sports Bar on Deck 5.

**COUNT I – NEGLIGENCE**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

12. On or about January 11, 2012, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

---

[1] The passenger ticket contract calls for a one-year statute of limitations. However, counsel for the parties agreed to extend that statute of limitations by 60 days to March 11, 2013.

- 3 -

13. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees as follows:

    a. Failure to maintain the subject deck in a clean and dry condition; and/or

    b. Failure to adequately and regularly inspect the subject deck for wet and slippery conditions; and/or

    c. Failure to adequately and regularly monitor the subject deck to maintain the deck free of wet and slippery conditions; and/or

    d. Failure to adequately and regularly clean the subject deck; and/or

    e. Failure to close off and/or place warning signs on or around the wet and slippery areas of the subject deck; and/or

    f. Failure to warn Plaintiff of the wet and slippery condition of the subject deck; and/or

    g. Failure to warn Plaintiff of the risks and/or dangers associated with the wet and slippery condition of the subject deck; and/or

    h. Failure to warn passengers and Plaintiff of other slip-and-fall accidents previously occurring on same deck and/or type of flooring surface; and/or

    i. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject deck is adequately and regularly inspected, monitored, cleaned and maintained free of wet and slippery conditions; and/or

    j. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet and/or slippery areas and/or that such wet and/or slippery areas are closed off; and/or

    k. Failure to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring on same deck and/or type of flooring surface so as to remedy such hazardous conditions; and/or

l. Failure to correct hazardous deck conditions following other slip-and-fall accidents on the same deck and/or type of flooring surface; and/or

m. Failure to utilize a reasonably safe flooring surface in light of the anticipated traffic and anticipated purpose of the deck; and/or

n. Failure to correct hazardous conditions following prior slip-and-fall accidents on the same deck and/or type of flooring surface; and/or

o. Failure to have a non-slip or non-skid flooring surface on the subject deck; and/or

p. Failure to place rubber mats or apply a non-slip or non-skid substance for the flooring surface on the subject deck; and/or

q. Failure to adequately test the coefficient of friction and slip resistance of the deck surface before opening it up to passengers and Plaintiff;

all of which caused and/or contributed to the Plaintiff slipping and falling on a wet, slippery and hazardous flooring surface at or around the Gravity Sports Bar on Deck 5.

14. At all material times, Defendant had exclusive custody and control of the vessel, the *Adventure of the Seas*.

15. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

16. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost

- 5 -

wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated this 14th day of February, 2013.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/* Michael A. Winkleman
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719